UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANMOHANJIT SINGH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DAVID STILL, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. C06-2458 EMC<br><br>**CASE MANAGEMENT<br>CONFERENCE ORDER**<br><br>[Reassigned Case] |

**CASE MANAGEMENT CONFERENCE**

TO ALL PARTIES AND COUNSEL OF RECORD:

The above matter having been reassigned to the Honorable Edward M. Chen, for trial and all further proceedings,

IT IS HEREBY ORDERED that, pursuant to Federal Rules of Civil Procedure 16 and Civil Local Rules 16-10, a Case Management Conference will be held in this case before the Honorable Edward M. Chen on **October 25, 2006 at 1:30 p.m.**, in Courtroom C, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California. **The parties are required to appear in court at 1:00 p.m., thirty (30) minutes prior to the Case Management Conference, to discuss the case with one another including disclosure of relevant information and any possibilities for settlement.**

　　　　1.　　Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed. R. Civ. P. 4 and 5. Following service, Plaintiff(s) shall file a certificate of service with the Clerk of Court.

2.  Lead trial counsel who will try this case are directed to confer in advance of the Case Management Conference with respect to the subjects detailed in Fed. R. Civ. P. 16(c), 26(f), and all of the agenda items listed below.  Not less than seven (7) days before the conference, counsel shall file a Joint Case Management Conference Statement and Proposed Order (see attached form) in compliance with Local Rule 16-9.  All documents filed with the Clerk of Court shall list the civil case number followed only by the initials **"EMC."**  One copy shall be clearly marked as **"EMC Chambers' Copy."**  Failure to file a Joint Case Management Conference Statement, without good cause, may subject a party to sanctions.  **In all "E-Filing" cases, when filing papers that require the Court to take any action (e.g. motions, meet and confer letters, administrative requests), the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers on three-hole punch paper (including all exhibits) by the close of the next court day following the day the papers are filed electronically.  These printed copies shall be marked "EMC Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked with the case number, "Magistrate Judge Edward M. Chen," and "E-Filing Chambers Copy."  Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.  A proposed order in an E-Filing case must be emailed to emcpo@cand.uscourts.gov as a WordPerfect attachment on the same day that it is E-Filed.**  With permission, Chambers' copes of documents may be submitted on CD-ROM with hypertext links to exhibits.

3.  Each party shall be represented at the Case Management Conference by lead trial counsel (or a party if *in pro se*) prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

4.  Any request to reschedule the above dates should be made in writing, and by stipulation, if possible, not less than ten (10) days before the conference date.  Good cause must be shown.

5.  Lead trial counsel should be prepared to address and resolve at the Case Management Conference the matters set forth in the Joint Case Management Conference Statement and any other

matters described in Fed. R. Civ. P. 16(b) and (c).  **In addition**, counsel should be prepared to address the following:

    a)    The factual and legal bases for Plaintiff's claims, Defendant's defenses, Defendant's counterclaims and the defenses to those counterclaims;

    b)    Any related proceedings, including any administrative proceedings, and any related cases pending before other judges of this court or before any other court;

    c)    A brief summary of the proceedings to date, including whether or not there has been full compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and, in patent cases, the schedule for compliance with Patent Local Rules 3-1 through 4-6;

    d)    A description of all pending motions and their current status;

    e)    A description of all motions expected before trial;

    f)    The extent to which evidentiary, claim construction, or class certification hearings are anticipated;

    g)    The scope of discovery to date and, separately, the scope of anticipated discovery, including limits that should be imposed on discovery and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f);

    h)    The extent to which any special discovery or other problems or issues have arisen or are expected;

    i)    What damages and other relief are sought and what method is used to compute such damages;

    j)    The extent to which a special master should be involved in the case;

    k)    A service list for all counsel that includes telephone and fax numbers; and

    l)    Such other matters as any party considers conducive to the just, speedy and inexpensive determination of this action.

///
///
///
///

6. Failure to comply with this Order, or provisions of the Fed. R. Civ. P. 16 and 26(f) or the provisions of Civil L. R. 16-10 may be grounds for sanctions. (See Fed. R. Civ. P. 16(f)).

IT IS SO ORDERED.

Dated: October 2, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge

4